MARTHA GREEN, Respondent, v. MATTHEW GREEN, Appellant.

Kansas City Court of Appeals, June 14, 1886.

DIVORCE—ALIMONY—CASE ADJUDGED.—In cases of this nature (divorce proceedings), this court will examine the evidence for itself, and determine whether it justifies the judgment below, deferring to some extent to the finding of the trial court, when there is doubt. In this case it has examined the testimony and finds it sufficient to support the result reached by the trial court. It also finds that the alimony was not excessive under any view of the evidence.

APPEAL from Vernon Circuit Court, HON. CHAS. G. BURTON, Judge.

*Affirmed.*

Statement of case by the court.

The plaintiff and defendant were married in Camden county, Missouri, June 3, 1864, where they lived about three years, and then moved to Vernon county, where they lived together as man and wife until September 7, 1884. At the date of said marriage, defendant was a widower with three children by a former wife, and plaintiff was a maid twenty years old. The plaintiff files her petition in the circuit court of Vernon county, charging that defendant had offered her such indignities as rendered her condition intolerable; in that he had choked her; tried to push her out of the house; frequently accused her of infidelity; charged in the presence of her children and others that he was not the father of them; and called her a base woman.

The defendant denies these allegations and sets up by way of cross bill, that plaintiff has offered him such indignities as renders his condition intolerable; that plaintiff has used abusive language to defendant, such as lion, snake in the grass; and on one occasion drew a hatchet on him; that plaintiff has mistreated defendant's children; that she advised his daughter to go to a house of ill fame; and in divers other ways tormented defendant.

On the hearing of the cause at the May, 1885, term of the circuit court of Vernon county, the court found the issues in favor of the plaintiff and granted her a divorce, and two thousand dollars alimony.

Defendant appeals.

STRATTON & STONE, for the appellant.

I. The evidence is not sufficient to sustain the decree and the plaintiff's bill should be dismissed.

II. In cases of this character, founded on alleged indignities, the attention of the court can not be confined to the particular acts alleged as ground for divorce, but

the inquiry must necessarily involve the conduct of the parties toward each other for the period during which it is alleged the misconduct took place. *Doyle v. Doyle*, 26 Mo. 346.

III.   If a party contribute to the bringing about of the condition of things complained of, she shall not be considered the injured party. *Harper v. Harper*, 29 Mo. 303; *Gillinwater v. Gillinwater*, 28 Mo. 61; *Coles v. Coles*, 5 Stewart (N. J.) 547; *Davis v. Davis*, 4 C. E. Green (N. J.) 180; *Derby v. Derby*, 6 C. E. Green (N. J.) 36; *Hughes v. Hughes*, 44 Ala. 698; *Soper v. Soper*, 29 Mich. 305; *Knight v. Knight*, 31 Iowa 457; *Skinner v. Skinner*, 5 Wis. 449; *Poor v. Poor*, 8 N. H. 307.

IV.   Indignities must not only be proven, but it must appear from the evidence that they are of such a character as to render life intolerable, and that they did render life intolerable. *English v. English*, 27 N. J. Eq; 13 C. E. Green, 579; Bishop Marr. and Divorce, sect. 719; *Poor v. Poor*, 29 A. D.

V.   In divorce cases the statute requires that the proceedings be had in the county where the *plaintiff* resides. Sect. 2175 Rev. Stat. The evidence shows that the plaintiff was a resident of Benton county when the petition was filed.

KIMBALL & JANUARY, for the respondent.

I.   If a husband frequently and falsely accuses his wife of infidelity, calls her a base woman, etc., this constitutes indignities and extreme cruelty, such as will authorize a decree of divorce under our statutes. *Lewis v. Lewis*, 5 Mo. 278; *Miller v. Miller*, 14 Mo. App. 419; *Bahn v. Bahn*, 62 Texas, 518; *Carpenter v. Carpenter*, 30 Kan. 712; *Avery v. Avery*, 33 Kan. 1; *McMahan v. McMahan*, 9 Oreg. 525; *Kelly v. Kelly*, 18 Nevada, 49.

II.   A party to a divorce suit does not cease to be the injured party, unless her conduct is such as to entitle the other to a divorce. *Hoffman v. Hoffman*, 43 Mo. 547.

III. This court will defer to the findings of the trial court, and even in equity cases will not reverse unless the judgment of the lower court is clearly against the evidence. *Erskine v. Loewenstein*, 82 Mo. 309.

IV. Plaintiff was, and for many years had been, a resident of Vernon county, and the fact that two days prior to the actual filing of her petition, she went to Benton county and lived there with her mother until her trial came on, will not constitute her a non-resident of Vernon county, in the absence of evidence that she went to Benton county with the design of making it her permanent home. *Scovill v. Glasner*, 79 Mo. 450; *Walker v. Walker*, 1 Mo. App. 404. Non-residence of a plaintiff in a divorce suit is a fact pleadable in abatement, and unless so pleaded, is waived. *Werz v. Werz*, 11 Mo. App. 30.

ELLISON, J.—The chief ground of complaint on part of defendant is, that the evidence did not justify a finding for plaintiff and that the alimony allowed is excessive.

There is great contradiction in the testimony in this case. We have gone over it at length and find it sufficient to support the result reached by the trial court. In cases of this nature we will examine the evidence for ourselves and determine for ourselves whether it justifies the judgment below, yet, at the same time, when the testimony is such as to leave our minds in doubt as to the conclusions arrived at from the facts, we will defer, to some extent, to the finding of the trial court.

The alimony was not excessive under any view of the evidence. Two thousand dollars was not a sum disproportionate to the amount defendant himself admitted he was worth.

It is not apparent to us, after a thorough examination of the record, that we should reverse the judgment and we, therefore, order its affirmance.